Chris Wido (Ohio Bar No. 0090441)*
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax: (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

* Admitted to practice pro hac vice

*Attorney for Plaintiff Jorge Gallardo*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| Jorge Gallardo | ) | |
| | ) | Case No. 2:25cv02473-MTL |
| Plaintiff, | ) | |
| | ) | Judge Michael T. Liburdi |
| v. | ) | |
| | ) | **REQUEST FOR TRIAL BY JURY** |
| | ) | |
| First Solar, Inc. | ) | **SECOND AMENDED COMPLAINT** |
| | ) | **FOR VIOLATIONS OF THE FAIR** |
| Defendant. | ) | **LABOR STANDARDS ACT** |

Plaintiff Jorge Gallardo, by and through undersigned counsel, as his Complaint against Defendant First Solar, Inc ("First Solar"), states and avers the following:

**PARTIES**

1. Gallardo is an individual residing in Lucas County, Ohio. Gallardo performed work for Defendants within the last three years for which he was not paid all overtime wages due, as guaranteed by the FLSA. Gallardo's signed consent to sue form is attached hereto as Exhibit "A."

2. First Solar is a Delaware corporation whose principal place of business is located at 350 W. Washington St., Suite 600, Tempe, Arizona, 85288.

**PERSONAL JURISDICTION**

3. First Solar, Inc. is subject to personal jurisdiction in the State of Arizona because it is headquartered in Arizona, employs workers within Arizona, owns and operates facilities in Arizona, and directed the compensation policies and practices giving rise to this lawsuit from within the state.

4. This action arises from Defendant's conduct in Arizona, including its overtime pay policies and time keeping policies that were developed and directed from its Arizona headquarters. These policies affected the compensation of Plaintiff and resulted in the denial of overtime wages owed to Plaintiff.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this District because Defendant's principal place of business is located in this District; Defendant operates facilities in this District; and many of the acts and omissions giving rise to the claims occurred within this District, including the development and implementation of the centralized overtime pay and time keeping policies at issue.

**FLSA COVERAGE**

7. At all times referenced herein, First Solar, Inc. was the "employer" of Plaintiff as that term is defined by the FLSA, 29 U.S.C. § 203(d).

8. At all times referenced herein, First Solar constituted an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r), and was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

9. At all times referenced herein, First Solar, Inc. had annual gross revenues in excess of $500,000.00 during all relevant times.

10. At all times referenced herein, First Solar, Inc. employed non-exempt workers who handled goods or materials that moved in interstate commerce, including tools, parts, raw materials, and manufactured components.

**FACTUAL ALLEGATIONS**

11. First Solar is a publicly traded corporation engaged in the manufacture of photovoltaic solar modules and related components for use in utility-scale solar energy systems.

12. Gallardo is a current employee of First Solar.

13. Gallardo began his employment with First Solar in or around April of 2022.

14. At all times referenced herein, Gallardo was a non-exempt, hourly employee.

15. At all times referenced herein, Gallardo received a shift premium of ten percent or more for working certain shifts.

16. Until approximately June of 2023, First Solar paid overtime to Gallardo based solely on his established hourly rate, rather than the regular rate.

17. At all times referenced herein, First Solar failed to include shift premium payments in the calculation of overtime payments made to Gallardo.

18. At all times referenced herein, First Solar only paid Gallardo for his scheduled hours and/or approved additional hours, rather than his actual hours worked.

19. At all times referenced herein, Gallardo was typically scheduled to work from 6:00pm to 6:00am.

20. Gallardo typically reported (and continues to report) to work at approximately 5:30pm, and he was (and is) required to work until approximately 6:10am.

21. At all times referenced herein, Gallardo performed compensable work between his clocking at 5:30pm and the beginning of his shift at 6:00pm.

22. At all times referenced herein, First Solar required Gallardo to stay at work until roughly 6:10am in order to ensure that the next shift had fully arrived and production would not need to stop or slow.

23. Gallardo clocked out when he was done working.

24. At all times referenced herein, First Solar would "edit" Gallardo's time entries to remove the 5:30pm to 6:00pm time entries and the post 6:00am time entries from Gallardo's time records, unless that time had been approved as additional hours.

25. First Solar knew that Gallardo was performing compensable work between 5:30pm and 6:00pm, and between 6:00am and 6:10am (or 6:15am).

26. In the alternative, First Solar failed to confirm whether or not Gallardo was performing compensable work before taking it upon itself to automatically deduct time from Gallardo's time records.

27. The obligation to include shift differentials in the regular rate of pay for purposes of calculating overtime has been clearly established under the FLSA for decades.

28. The obligation to pay non-exempt employees for all overtime hours worked is not in dispute.

29. First Solar knew or should have known that its method of calculating overtime compensation did not comply with 29 U.S.C. § 207(e).

30. First Solar knew or should have known that it was required to pay Gallardo for all compensable overtime hours worked.

31. First Solar has been sued multiple times for violating the FLSA, including for the same practices described herein. See *Jerin Sherman et al v. CLP Resources Inc et al*, 2:12-cv-

08080-GW-PLA (C.D. Cal); *Karl Christensen et al v. CLP Resources Inc et al*, 2:13-cv-00691-DDP-SH,(C.D. Cal); *Allen Headley et al v. CLP Resources Inc et al*,2:12-cv-11037-GW-PLA (C.D. Cal.); *Zachary Christensen et al v. CLP Resources, Inc. et al*, 2:14-cv-08073-GW-PLA (C.D. Cal.); *Carolyn Perry v. CLP Resources, Inc. et al*, 2:14-cv-08525-GW-PLA (C.D. Cal.)

32. First Solar's failure to include premium payments in the overtime rate was known to First Solar long before 2023, but it willfully and/or reckless failed to correct the problem immediately upon being notified of it.

33. When First Solar corrected its failure to include premium pay in the overtime rate in 2023, it knew that it had categorically underpaid overtime to Gallardo and other employees, but it failed to pay the wages it knew that it owed to these employees voluntarily.

34. To this date, First Solar continues to benefit from and enjoy the wages it knows it stole from Gallardo and other employees prior to June of 2023.

35. First Solar did not consult any written opinion letter, audit finding, or internal analysis indicating that it undertook any good faith assessment of whether its overtime pay practices complied with the FLSA.

36. First Solar did not rely on the advice of counsel that its practice of basing the overtime rate solely on the hourly rate paid to non-exempt, hourly employees.

37. First Solar's conduct was willful within the meaning of 29 U.S.C. § 255(a), and it lacked a good faith basis for failing to pay proper overtime compensation to Gallardo for all overtime hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

38. Gallardo re-alleges and incorporates by reference the allegations set forth in paragraphs 1-37, above.

39. The FLSA requires covered employers to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty in a workweek. 29 U.S.C. § 207(a).

40. The regular rate includes all remuneration for employment, including shift differentials, with limited exceptions not applicable here. 29 U.S.C. § 207(e).

41. Until approximately June 2023, First Solar violated 29 U.S.C. § 207 by calculating Gallardo's overtime using only his base hourly rate and by excluding shift differentials from the regular rate.

42. As a result, First Solar underpaid Gallardo's overtime premiums.

43. First Solar also violated 29 U.S.C. § 207 by failing to pay Gallardo for all hours worked, including compensable pre-shift and post-shift work he performed between approximately 5:30 p.m. and 6:00 p.m. and between approximately 6:00 a.m. and 6:10–6:15 a.m., and by editing time records to remove those hours unless pre-approved.

44. The pre-shift and post-shift tasks were integral and indispensable to Gallardo's principal activities and therefore were part of the continuous workday.

45. First Solar knew or should have known Gallardo performed this work and suffered or permitted it to occur.

46. First Solar failed to keep accurate records of all hours worked as required by 29 U.S.C. § 211(c) and 29 C.F.R. Part 516, which further supports Gallardo's entitlement to a just and reasonable inference of his uncompensated time.

47. First Solar's underpayments resulted from uniform compensation policies and practices rather than isolated or clerical errors.

48. First Solar did not act in good faith or with reasonable grounds to believe its pay practices complied with the FLSA.

49. First Solar's violations were willful within the meaning of 29 U.S.C. § 255(a).

50. As a result, Gallardo is entitled to recover unpaid overtime compensation for all affected workweeks, an equal amount in liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Gallardo respectfully requests that this Court enter judgment in his favor and against Defendant First Solar, Inc., and grant the following relief:

(a) Award Gallardo all unpaid overtime compensation to which they are entitled under the FLSA;

(b) Award Gallardo an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(c) Award Gallardo pre-judgment and post-judgment interest as permitted by law;

(d) Award Gallardo reasonable attorneys' fees and the costs of this action; and

(e) Award such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

*/s/Chris P. Wido*

Chris Wido (Ohio Bar # 0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax: (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

* Admitted to practice pro hac vice

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff Jose Gallardo demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*

Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**